UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-443-S

RAYMOND FREDERICK PATTERSON                    PLAINTIFF

v.

TOM CAMPBELL                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Raymond Frederick Patterson, *pro se*, seeks damages from a government defendant, under 42 U.S.C. § 1983, challenging the conditions of his confinement in the Louisville Metro Department of Corrections. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the complaint for failure to state a claim on which relief may be granted.

**I.**

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## II.

Plaintiff challenges the conditions of his confinement, particularly medical care and overcrowding, as a convicted person since May 2005, in the Louisville Metro Department of Corrections.

Plaintiff alleges a history of lumbar pain and treatment, including an epidural block and prescription medication for hydrocodone, under the care of Dr. Lucas, University of Louisville Pain Clinic.  After convicted and confined in the metro jail, however, Plaintiff complains jail physicians refused to provide the same prescription medications and treatment, and as a result he has suffered serious pain.  Plaintiff complains the unnamed jail physician refused to provide him with further treatment at the pain clinic.

Plaintiff further alleges he has been denied an appointment with Dr. Mudd of the jail's mental health department.  Attached to the complaint is a jail memorandum in response to Plaintiff's complaints, a document that summarizes Plaintiff's history of medical care provided in the metro jail, including mental health assessments.  Plaintiff also complains of overcrowded conditions and states that sanitation supplies are not restocked with every shift.

Plaintiff seeks $150,000 in damages from the metro jail's Chief Director, Tom Campbell, in an unspecified capacity.  Plaintiff further seeks to amend the complaint to name additional defendants on additional claims.

## III.

Section 1983 provides civil remedies to individuals who suffer injury because their federal rights were violated by a person acting "under color of [state] law." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). An essential element of a § 1983 claim is the deprivation of a federal statutory or constitutional right. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340,351 (6th Cir. 2001).

**A.  Medical Claims:**

An inmate's right to medical care, generally, arises under the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97 (1976) (stating that the Eighth Amendment prohibits penal measures that involve the unnecessary and wanton infliction of pain); *Napier v. Madison County*, 238 F.3d 739 (6th Cir. 2001). On the merits of a medical claim, however, prisoners typically face a high hurdle.

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 105-06. The Eighth Amendment neither guarantees that prisoners will have unqualified access to health care, *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor imposes a duty equivalent to state-law liability for medical malpractice, *Estelle*, 429 U.S. at 106. Thus, mistake, inadvertence, even negligence fall short of deliberate indifference. *Id.*

A medical decision whether a form of treatment is indicated does not represent cruel and unusual punishment. *Id.* at 107. The medical treatment at issue must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or [to be] intolerable to fundamental fairness." *Terrrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002). "Where a prisoner has received some medical attention and the dispute is over

the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Durham v. Nu'man*, 97 F.3d 862, 869 (6th Cir. 1996).

Here, the complaint fails to state a constitutional claim that Plaintiff suffered a deliberate indifference to a serious medical need. The complaint establishes that Plaintiff was receiving medical attention, including doctor examinations and mental health assessments, albeit treatment Plaintiff believes was inadequate. Whether jail physicians should have prescribed hydrocodone or other medication, referred outside treatment at the pain clinic, and intervened with psychotic medication, are medical decisions that lie within the judgment of Plaintiff's treating physicians in the metro jail. Plaintiff's conclusory allegations of inadequate medical care and his dispute over what treatment should be prescribed do not rise to the level of a constitutional claim.

**B.  Conditions of Confinement Claim:**

The Eighth Amendment likewise prohibits conditions of confinement that involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). "But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. The Amendment prohibits, therefore, only those conditions that deny the 'minimal civilized measure of life's necessities.'" *Id*. at 347; *Hadix v. Johnson*, 367 F.3d 513 (6th Cir. 2004); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001). Prison overcrowding itself does not violate the Eighth Amendment. *Rhodes,* at 347-48.

Although Plaintiff describes uncomfortable, arguably harsh, conditions at the metro jail,

4

none of the allegations falls within the ambit of conduct or conditions that run afoul of the Eighth Amendment. The complaint contains no allegations that Plaintiff was deprived of the minimal measure of life's necessities. The complaint thus fails to assert a conditions-claim of constitutional magnitude.

**C.  Improperly Named Defendant:**

The complaint contains no allegations of fact that specifically address Defendant, Tom Campbell, described as chief director of the metro jail. Because the complaint is entirely vague on the basis of the claim against Defendant Campbell, this additional ground supports dismissal of the complaint.

The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim. *Sweikiewicz v. Sorema*, 534 U.S. 506, 514 (2002). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). To state a claim for relief under § 1983, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Supervisory responsibility alone fails to state a claim of relief under § 1983. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978); *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Again, the complaint contains no allegations of fact specific to the chief director, Defendant Tom Campbell. The complaint simply lists him as a defendant. Absent allegations of his personal involvement in the conditions and medical care about which Plaintiff complains, the complaint fails to state an individual-capacity claim against him.

Even if the Court were to presume Plaintiff's intention to assert an official-capacity basis for the claims against the chief, the complaint omits essential elements of such a claim. A plaintiff may sue an officer in his official capacity to seek relief from the governmental entity that employs him. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). However, a governmental entity cannot be held liable solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691; *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). "[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy' or 'custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citing *Monell,* 436 U.S. at 658).

Here, the complaint contains no allegations from which the Court may reasonably infer the metro government itself was the moving force behind the alleged deprivations. The complaint thus fails to state an official-capacity claim.

The Court concludes Plaintiff cannot under any set of facts alleged in the complaint state an Eighth Amendment claim. Moreover, the law of this circuit precludes any amendment or supplement to the complaint to avoid *sua sponte* dismissal. *McGore*, 114 F.3d at 612. The Court will therefore deny Plaintiff's motion to amend.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc: Plaintiff, *pro se*

4411.007